# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARY DONALDSON,[1] | § | No. 391, 2014 |
| | § | |
| Petitioner Below, | § | |
| Appellant, | § | Court Below: Family Court |
| | § | of the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| ALEXANDER JONES, | § | |
| | § | File No.   CN13-04689 |
| Respondent Below, | § | Pet. No.   3-27382 |
| Appellee. | § | |

Submitted: August 4, 2014
Decided: August 27, 2014

Before **HOLLAND. RIDGELY** and **VALIHURA**, Justices.

## ORDER

This 27th day of August 2014, it appears to the Court that:

(1)    On July 24, 2014, the Court received the appellant's notice of appeal from a Family Court order of June 2, 2014. Under title 10, section 1051 of the Delaware Code and Supreme Court Rule 6(a)(i), the notice of appeal should have been filed on or before July 2, 2014.[2]

---

[1] By Order dated July 24, 2014, the Court assigned pseudonyms in this matter under Del. Supr. Ct. R. 7(d).

[2] *See* 10 Del. C. § 1051 (providing for the right of appeal to Supreme Court from a Family Court civil judgment); Del. Supr. Ct. R. 6(a)(i) (providing that a civil appeal must be filed within 30 days after entry upon the docket of the judgment on appeal).

(2) On July 24, 2014, the Clerk issued a notice under Supreme Court Rule 29(b), directing the appellant to show cause why the appeal should not be dismissed as untimely filed. In her response to the notice filed on August 4, 2014, the appellant states that she "was unaware of any time stipulations on an appeal of a final court order by Family Court," and that she "was told by [the] Senior Court Clerk . . . that there was a $400 fee," which she states she did not have at the time and assumed she "had to pay up front as papers were filed." The appellant asks the Court to not dismiss her appeal and to waive the filing fee.

(3) Under Supreme Court Rule 20(a), a party filing a notice of appeal must pay a nonrefundable $460 filing fee.[3] Under subsection (h) of Rule 20 and Supreme Court Official Form Q, a party claiming to be indigent may file a motion and sworn affidavit seeking a waiver of the fee.[4] The granting of a motion allows the appellant to proceed without having to pay the fee that normally must accompany a notice of appeal.[5]

(4) "It is fundamental that the appellate jurisdiction of this Court rests wholly upon the perfecting of an appeal within the period of limitations

---

[3] Del. Supr. Ct. R. 20(a).

[4] *Id.* at (h).

[5] *Id. Accord Cook v. State*, 1982 WL 204133 (Del. Mar. 29, 1982).

fixed by law."[6] An appellant's unfamiliarity with the Court's rules does not excuse a failure to comply strictly with the time period.[7]

(5) The jurisdictional defect created by the untimely filing of an appeal cannot be excused unless the appellant can demonstrate that the delay in filing the appeal is attributable to court-related personnel.[8] In this case, the appellant does not contend, and the record does not reflect, that her failure to file a timely notice of appeal in this case is attributable to court-related personnel.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rules 6 and 29(b), that the appeal is DISMISSED.

BY THE COURT:

_____
Justice

---

[6] *Fisher v. Biggs*, 284 A.2d 117, 118 (Del. 1971).

[7] *Murray v. State*, 2009 WL 1302355 (Del. May 12, 2009) (citing *Carr v. State*, 443 A.2d 778, 779 (Del. 1989)).

[8] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).